# FILED

VANESSA L. ARMSTRONG, CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

AUG 16 2012

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA                                         PLAINTIFF

v.                                           CRIMINAL ACTION NO. 3:11CR-10-S

HERIBERTO SALCEDO-DIAZ
JUAN LANDEROS-SANDOVAL
ALFREDO CARRILLO-ALVARDO a/k/a ALVARADO          DEFENDANTS

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your deliberations.

It will be your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find each defendant guilty of the crimes charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against any defendant or the United States.

You must also follow the law as I explain it to you whether you agree with that law or not. You must follow all of the instructions as a whole; you may not single out, or disregard, any of the court's instructions on the law.

The indictment or formal charge against any defendant is not evidence of guilt. The defendants are presumed by the law to be innocent. The law does not require a defendant to prove innocence or produce any evidence at all. This means that a defendant has no obligation to testify. Therefore, if a defendant does not testify during a trial, you may not draw any inference or suggestion of guilt from that fact, nor may you consider this in any way in reaching your verdict. The United States has the burden of proving each defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that defendant not guilty.

While the United States' burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt.  It is only required that the United States' proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

You must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses, the exhibits admitted in the record, and the stipulations that the lawyers agreed to. The parties have stipulated, and it therefore established and not in issue, that 2546 kilograms of marijuana was seized from the two white Ford cargo vans on December 15, 2010.

Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make. You need not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must consider the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding how much of a witness' testimony to believe, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth or a personal interest in the outcome of the case? Did the witness have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony given before you during the trial.

However, a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that was simply an innocent lapse of memory or an intentional falsehood.

## **COUNT 1**

Title 21, United States Code, Section 846, makes it a federal crime for anyone to conspire or agree with someone else to possess with intent to distribute or to distribute marijuana.

A defendant can be found guilty of that crime only if all of the following facts are proved beyond a reasonable doubt with respect to that defendant:

First:    That on or about December 1, 2010 to December 15, 2010, two or more persons came to a mutual understanding to try to accomplish a common and unlawful plan, that is, to knowingly and intentionally possess with intent to distribute or to distribute marijuana; and

Second:    That such defendant knowingly and intentionally became a member of such conspiracy.

Now I will give you more detailed instructions on some of these terms.

With regard to the first element – a criminal agreement – the United States must prove that two or more persons conspired, or agreed, to cooperate with each other to possess with the intent to distribute and to distribute marijuana. This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the United States has proved an agreement. But without more they are not enough.

Because the essence of a conspiracy is the making of the scheme itself, it is not necessary for the United States to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

- 7 -

What the United States must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to possess with the intent to distribute or to distribute marijuana. This is essential. An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the United States to convince you that such facts and circumstances existed in this particular case.

With regard to the second element – a defendant's connection to the conspiracy – the United States must prove that a defendant knowingly and voluntarily joined that agreement. The United States must prove that the defendant knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals. You must consider each defendant separately in this regard. This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

Further, this does not require proof that the defendant knew the drug involved was marijuana. It is enough that the defendant knew that it was some kind of controlled substance. Nor does this require proof that the defendant knew how much marijuana was involved. It is enough that the defendant knew that some quantity was involved.

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the United States has proved that a defendant joined a conspiracy. But

- 8 -

without more they are not enough.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the United States to convince you that such facts and circumstances existed in this particular case.

You must be convinced that the United States has proved all of these elements beyond a reasonable doubt in order to find any one of these defendants guilty of the conspiracy charge.

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

### Special Interrogatory as to Count 1

If you have found any defendant guilty as to Count 1, you must also decide beyond a reasonable doubt what quantity of marijuana such defendant conspired to possess with intent to distribute or to distribute on or about the dates set forth in the indictment. You will complete the portion of the applicable Verdict Form asking you to make this finding as to quantity.

## GENERAL INSTRUCTIONS

### Counts 2 and 3

You will be instructed on each of these counts individually later in these instructions, but first I will provide you some general information which is applicable to both of these counts.

Counts 2 and 3 charge one or more defendants with possession with intent to distribute marijuana.

Marijuana is a "controlled substance" within the meaning of the law.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession.

A person who has direct physical control of something on or around his person is then in actual possession of it.

A person who is not in actual possession, but who knowingly has both the power and the intention at a given time to exercise dominion and control over something, either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, possession is sole. If two or more persons share possession, possession is joint.

Whenever the word "possession" is used in these instructions, it includes actual and constructive possession, and also sole and joint possession.

The guilt of a defendant in a criminal case may be proved without evidence that he personally

did every act involved in the commission of the crime charged. The law recognizes that ordinarily, anything a person can do for himself may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

If a defendant aids and abets another person by intentionally joining together with that person in the commission of a crime, then the law holds the defendant responsible for the conduct of that other person just as though the defendant had engaged in such conduct himself.

Notice however, that before any defendant can be held criminally responsible for the conduct of others it is necessary that the defendant associate in some way with the crime, and intentionally participate in it. Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

## **COUNT 2**

Title 21, United States Code, Section 841(a)(1) makes it a federal crime for anyone to possess marijuana with intent to distribute it.

Heriberto Salcedo-Diaz can be found guilty of that crime only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>:    That on or about December 15, 2010, Heriberto  Salcedo-Diaz knowingly and intentionally possessed marijuana;

<u>Second</u>:    That he possessed marijuana with the intent to distribute it.

You will indicate your verdict as to this count on Verdict Form D.

### **Special Interrogatory as to Quantity of a Controlled Substance**

If you have found Heriberto Salcedo-Diaz guilty as to Count 2, you must also decide beyond a reasonable doubt what quantity of marijuana he possessed with intent to distribute on or about the date set forth in the indictment.

If you have found Heriberto Salcedo-Diaz guilty as to Count 2, you will complete the portion of Verdict Form D asking you to make this finding as to quantity.

## **COUNT 3**

Title 21, United States Code, Section 841(a)(1) makes it a federal crime for anyone to possess marijuana with intent to distribute it.

Juan Landeros-Sandoval and Alfredo Carrillo-Alvardo a/k/a Alvarado can be found guilty of that crime only if all of the following facts are proved beyond a reasonable doubt as to that defendant:

First:    That on or about December 15, 2010, the defendant knowingly and intentionally possessed marijuana; and

Second:  That he possessed marijuana with the intent to distribute it.

You will indicate your verdicts as to this count on Verdict Forms E and F.

### **Special Interrogatory as to Quantity of a Controlled Substance**

If you have found either or both defendants guilty as to Count 3, you must also decide beyond a reasonable doubt what quantity of marijuana that defendant possessed on or about the date set forth in the indictment.

If you have found either or both defendants guilty as to Count 3, you will complete the portion of the applicable Verdict Forms asking you to make this finding as to quantity.

You will note that the indictment charges that the crimes were committed "on or about" certain dates. The United States does not have to prove with certainty the exact date of the alleged crimes. It is sufficient if the United States proves beyond a reasonable doubt that a crime was committed on a date reasonably near the date alleged.

The word "knowingly," as that term has been used in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "intentionally," as that term has been used in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids.

A separate crime is charged in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately. Also, the case of each defendant should be considered separately and individually. The fact that you may find any defendant guilty or not guilty of any of the crimes charged should not affect your verdict as to any other crime or any other defendant.

Each defendant is on trial only for the specific charges alleged in the indictment. Also, the question of punishment should never be considered by the jury in any way in deciding the case. If a defendant is convicted the matter of punishment is for the judge to determine.

Any verdicts you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return verdicts you must all agree.  Your deliberations will be secret; you will not have to explain your verdicts to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

During your deliberations, you must not discuss this case with anyone outside the jury, or provide anyone outside the jury with any information about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, BlackBerry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I have accepted your verdicts.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

Verdict Forms have been prepared for your convenience.

You will take the Verdict Forms to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the Verdict Forms, date and sign them, and then return to the courtroom.

FILED
WESTERN DISTRICT COURT CLERK
DISTRICT OF KY
11 JAN 19 PM 12: 11

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                        INDICTMENT NO. 3:11CR-10-S
                                                 21 U.S.C. § 846
                                              21 U.S.C. § 841(a)(1)
                                          21 U.S.C. § 841(b)(1)(A)(vii)
                                                 18 U.S.C. § 2
                                                 21 U.S.C. § 853

HERIBERTO SALCEDO-DIAZ
JUAN LANDEROS-SANDOVAL
ALFREDO CARRILLO-ALVARDO a/k/a ALVARADO              DEFENDANTS


The Grand Jury charges:

## COUNT 1

Beginning on or about December 1, 2010, and continuing to on or about December 15, 2010, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, HERIBERTO SALCEDO-DIAZ, JUAN LANDEROS-SANDOVAL, AND ALFREDO CARRILLO-ALVARDO a/k/a ALVARADO, knowingly and intentionally conspired with each other and with others to possess with the intent to distribute and to distribute 1000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, as defined by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 846 and 841(b)(1)(A)(vii).

The Grand Jury further charges:

## COUNT 2

On or about December 15, 2010, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, HERIBERTO SALCEDO-DIAZ, aided and abetted by others, knowingly and intentionally possessed with the intent to distribute 1000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, as defined by Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(vii), and Title 18, United States Code, Section 2.

The Grand Jury further charges:

## COUNT 3

On or about December 15, 2010, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, JUAN LANDEROS-SANDOVAL AND ALFREDO CARRILLO-ALVARDO a/k/a ALVARADO, aided and abetted by each other and others, knowingly and intentionally possessed with the intent to distribute 1000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, as defined by Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(vii), and Title 18, United States Code, Section 2.

A TRUE BILL

_____

Foreperson

DAVID J. HALE
UNITED STATES ATTORNEY
DJH:RBB

### VERDICT FORM A
### Count 1
### *Conspiracy*

| | District |
|---|---|
| **United States District Court** | Western District of Kentucky |
| **Case Title**<br>UNITED STATES OF AMERICA<br><br>v.<br><br>HERIBERTO SALCEDO-DIAZ<br>JUAN LANDEROS-SANDOVAL<br>ALFREDO CARRILLO-ALVARDO a/k/a ALVARADO | **Docket No.**<br><br>CRIMINAL ACTION NO. 3:11CR-10-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**

The defendant, Heriberto Salcedo-Diaz, _____ as to Count 1 of the indictment.
<br>(guilty/not guilty)

If you found the defendant, Heriberto Salcedo-Diaz, guilty as to Count 1, you will make the following determination:

We, the jury, find beyond a reasonable doubt that on or about the dates set forth in the indictment, the defendant, Heriberto Salcedo-Diaz, conspired to possess with the intent to distribute or to distribute a substance containing marijuana in the amount of:

_____ 1000 kilograms or more
_____ Less than 1000 kilograms but 100 kilograms or more
_____ Less than 100 kilograms

| | Date |
|---|---|
| **Foreperson's Signature** | |

# VERDICT FORM B
## Count 1
### *Conspiracy*

| | District |
|---|---|
| **United States District Court** | Western District of Kentucky |
| **Case Title**<br>UNITED STATES OF AMERICA<br><br>v.<br><br>HERIBERTO SALCEDO-DIAZ<br>JUAN LANDEROS-SANDOVAL<br>ALFREDO CARRILLO-ALVARDO a/k/a ALVARADO | **Docket No.**<br><br><br>CRIMINAL ACTION NO. 3:11CR-10-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**

The defendant, Juan Landeros-Sandoval, _____ as to Count 1 of the indictment.
(guilty/not guilty)

If you found the defendant, Juan Landeros-Sandoval, guilty as to Count 1, you will make the following determination:

We, the jury, find beyond a reasonable doubt that on or about the dates set forth in the indictment, the defendant, Juan Landeros-Sandoval, conspired to possess with the intent to distribute or to distribute a substance containing marijuana in the amount of:

_____ 1000 kilograms or more
_____ Less than 1000 kilograms but 100 kilograms or more
_____ Less than 100 kilograms

| **Foreperson's Signature** | **Date** |
|---|---|
| | |

# VERDICT FORM C
## Count 1
### *Conspiracy*

| | **District** |
|---|---|
| ### United States District Court | Western District of Kentucky |
| **Case Title**<br>UNITED STATES OF AMERICA<br><br>v.<br><br>HERIBERTO SALCEDO-DIAZ<br>JUAN LANDEROS-SANDOVAL<br>ALFREDO CARRILLO-ALVARDO a/k/a ALVARADO | **Docket No.**<br><br><br>CRIMINAL ACTION NO. 3:11CR-10-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**

The defendant, Alfredo Carrillo-Alvardo a/k/a Alvarado, _____ as to Count 1 of the
indictment.
                                                              (guilty/not guilty)


If you found the defendant, Alfredo Carrillo-Alvardo a/k/a Alvarado, guilty as to Count 1, you will make the
following determination:

   We, the jury, find beyond a reasonable doubt that on or about the dates set forth in the indictment, the
   defendant, Alfredo Carrillo-Alvardo a/k/a Alvarado, conspired to possess with the intent to distribute
   or to distribute a substance containing marijuana in the amount of:

   _____ 1000 kilograms or more
   _____ Less than 1000 kilograms but 100 kilograms or more
   _____ Less than 100 kilograms

| **Foreperson's Signature** | **Date** |
|---|---|

**VERDICT FORM D**
**Count 2**
*Possession with the Intent to Distribute Marijuana*

| | District |
|---|---|
| **United States District Court** | Western District of Kentucky |
| **Case Title**<br>UNITED STATES OF AMERICA<br><br>v.<br><br>HERIBERTO SALCEDO-DIAZ<br>JUAN LANDEROS-SANDOVAL<br>ALFREDO CARRILLO-ALVARDO a/k/a ALVARADO | **Docket No.**<br><br>CRIMINAL ACTION NO. 3:11CR-10-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**

The defendant, Heriberto Salcedo-Diaz, _____ as to Count 2 of the indictment.
                                              (guilty/not guilty)

If you found the defendant, Heriberto Salcedo-Diaz, guilty as to Count 2, you will make the following determination:

We, the jury, find beyond a reasonable doubt that on or about the dates set forth in the indictment, the defendant, Heriberto Salcedo-Diaz, possessed with the intent to distribute a substance containing marijuana in the amount of:

_____ 1000 kilograms or more
_____ Less than 1000 kilograms but 100 kilograms or more
_____ Less than 100 kilograms

| Foreperson's Signature | Date |
|---|---|

## VERDICT FORM E
### Count 3
### *Possession with the Intent to Distribute Marijuana*

| | |
|---|---|
| | **District** |
| **United States District Court** | Western District of Kentucky |
| **Case Title**<br>UNITED STATES OF AMERICA<br><br>v.<br><br>HERIBERTO SALCEDO-DIAZ<br>JUAN LANDEROS-SANDOVAL<br>ALFREDO CARRILLO-ALVARDO a/k/a ALVARADO | **Docket No.**<br><br><br>CRIMINAL ACTION NO. 3:11CR-10-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**

The defendant, Juan Landeros-Sandoval, _____ as to Count 3 of the indictment.
                                           (guilty/not guilty)

If you found the defendant, Juan Landeros-Sandoval, guilty as to Count 3, you will make the following determination:

We, the jury, find beyond a reasonable doubt that on or about the dates set forth in the indictment, the defendant, Juan Landeros-Sandoval, possessed with the intent to distribute a substance containing marijuana in the amount of:

_____ 1000 kilograms or more
_____ Less than 1000 kilograms but 100 kilograms or more
_____ Less than 100 kilograms

| | |
|---|---|
| | **Date** |
| **Foreperson's Signature** | |

## VERDICT FORM F
### Count 3
#### *Possession with the Intent to Distribute Marijuana*

| | |
|---|---|
| **United States District Court** | **District**<br>Western District of Kentucky |
| **Case Title**<br>UNITED STATES OF AMERICA<br><br>v.<br><br>HERIBERTO SALCEDO-DIAZ<br>JUAN LANDEROS-SANDOVAL<br>ALFREDO CARRILLO-ALVARDO a/k/a ALVARADO | **Docket No.**<br><br><br>CRIMINAL ACTION NO. 3:11CR-10-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**

The defendant, Alfredo Carrillo-Alvardo a/k/a Alvarado, _____ as to Count 3 of the
indictment.
(guilty/not guilty)

If you found the defendant, Alfredo Carrillo-Alvardo a/k/a Alvarado, guilty as to Count 3, you will make the
following determination:

    We, the jury, find beyond a reasonable doubt that on or about the dates set forth in the indictment, the
defendant, Alfredo Carrillo-Alvardo a/k/a Alvarado, possessed with the intent to distribute a substance
containing marijuana in the amount of:

          _____ 1000 kilograms or more
          _____ Less than 1000 kilograms but 100 kilograms or more
          _____ Less than 100 kilograms

| | |
|---|---|
| **Foreperson's Signature** | **Date** |